In re Donald E. HERMAN, Joyce E. Herman, Debtors.

Donald E. HERMAN, Joyce E. Herman, Plaintiffs,

v.

Alice WHITACRE, Robert Trenn, Defendants.

Bankruptcy No. B88–00258–Y.

United States Bankruptcy Court, N.D. Ohio.

Jan. 27, 1989.

Michael K. Whipple, Wiles, Richards & Bates, Madison, Ohio, for debtors/plaintiffs.

Wilbur N. Ischie, Talikka, Ischie and Hennig, Painesville, Ohio, for Alice Whitacre.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This matter comes before the Court on the Debtors' Amended Complaint to avoid two judicial liens pursuant to 11 U.S.C. Sec. 522(f)(1).

In June 1985, the Defendant, ALICE WHITACRE, the sister of Debtor, DONALD HERMAN, began residing with the Debtors. On June 27, 1985, the Debtors' deposited both Nine Thousand & 00/100 Dollars ($9,000.00) of Ms. Whitacre's money into a savings account, and One Thousand & 00/100 Dollars ($1,000.00) of Ms. Whitacre's money into a checking account. It appears that the Debtors were the only authorized signatories on both accounts. It also appears that the money remained the property of Ms. Whitacre and was intended neither as a gift nor as a loan to the Debtors.[1] The Debtors co-mingled their own money with that money in the savings account belonging to Ms. Whitacre. On or about August 16, 1985, the Debtors purchased the real property located at 2284 Sexton Avenue, Geneva, Ohio, which serves as their primary residence. Without Ms. Whitacre's permission, the Debtors utilized Four Thousand, Five Hundred Thirty & 00/100 Dollars ($4,530.00) of her money in order to purchase the Sexton Avenue property. The property was also purchased subject to a mortgage held by GENEVA FEDERAL SAVINGS & LOAN ASSOCIATION ("GENEVA"). On or about July 8, 1987, the Defendant, ROBERT TRENN, was awarded a judgment against the Debtors in the amount of Four Hundred & 00/100 Dollars ($400.00), plus interest, by the Ashtabula County Court of Common Pleas. On or about July 29, 1987, Mr. Trenn filed a lien against the Debtors' residential property. For her part, Ms. Whitacre sued the Debtors in the Ashtabula County Court of Common Pleas for wrongful retention of her money. Judgment was entered for Ms. Whitacre in the amount of Five Thousand, Four Hundred Seventy & 00/100 Dollars ($5,470.00), which resulted in the filing of a lien for that amount against the Debtors' residential property on October 28, 1987.

On February 24, 1988, the Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code. On May 20, 1988, the Debtors filed this adversary action seeking to avoid the liens of both Mr. Trenn and Ms. Whitacre. It has been stipulated that the Debtors' residential property on Sexton Avenue has a fair market value of Thirty–Seven Thousand & 00/100 Dollars ($37,000.00). The parties have also stipulated that the balance due on the note secured by the mortgage on the Debtors' residential real property was Thirty–One Thousand, Six Hundred Three & 13/100 Dollars ($31,603.13) as of July 13, 1988.[2]

This Court has consistently ruled that avoidance of a judicial lien pursuant to 11 U.S.C. Sec. 522(f)(1) requires the debtor to prove three (3) elements:

(1) the lien must be a judicial lien;

(2) the debtor must have an interest in the property; and

(3) the lien must impair an exemption to which the debtor would otherwise be entitled.

*In re Dixon,* 79 B.R. 702 (Bankr.N.D.Ohio 1987), *aff'd.* 85 B.R. 745 (N.D.Ohio 1988).

A review of the pleadings in this case persuades the Court that the Debtors are entitled to judgment against Mr. Trenn. Although Mr. Trenn was served with a copy of the Complaint on May 26, 1988, he has failed to answer or otherwise plead.

---

**1.** Ms. Whitacre argues the money was given to the Debtors for safekeeping. If so, the Court questions why counsel for Ms. Whitacre failed to even urge the defense of nondischargeability under 11 U.S.C. Sec. 523(a)(4).

**2.** The parties should have submitted a mortgage balance as of the filing of the bankruptcy petition on February 24, 1988.

Therefore, the Court will grant the Debtors' Complaint as to Mr. Trenn.

 With respect to Ms. Whitacre's lien, the Court is convinced that the first element cannot be met. The Court finds that when the Debtors purchased their home, improperly utilizing Ms. Whitacre's funds, an equitable lien arose in favor of the Defendant. An equitable lien has been defined as:

> [A] right, not recognized at law, to have a fund, or specific property or its proceeds, applied, in whole or in part, to the payment of a particular debt or class of debts.... A lien based upon the fundamental maximums of equity may be implied and declared by a court of equity out of general considerations of right and justice, as applied to the relationship of the parties and the circumstances of their dealings.

66 O.Jur.3d, *Liens,* Sec. 17, 21 (1986). In this case, it appears that the Debtors improperly used Ms. Whitacre's funds to purchase real estate. Thereafter, the Debtors filed bankruptcy and now assert their right to exempt the equity, which they enjoy as a result of Ms. Whitacre's funds, from Ms. Whitacre's lien. Such a result would be inequitable and unjust. This Court will not countenance such a result. The Court finds that Ms. Whitacre simultaneously obtained an equitable lien on the Debtors' residence when the Debtors purchased the Sexton Avenue property. Because "equitable liens are common law liens and not judicial liens, they may not be avoided under 11 U.S.C. Sec. 522(f)." *In re Sanderfoot,* 83 B.R. 564 (Bankr.E.D.Wis.1988).

The Court also finds that subsequent judgment and recordation of that judgment will not serve to transform an equitable lien into an avoidable judicial lien. *See In re Hart,* 50 B.R. 956 (Bankr.D.Nev.1985). In any event, this is not the type of a lien which should be subject to the avoidance powers in Sec. 522(f)(1). After examining legislative history, the Court wrote in *In re Hart:*

> Thus, Congress intended to permit the avoidance of creditors' liens obtained in the rush before bankruptcy when the

liens attached *after* the debtor had already acquired his or her interest in the property and not in the same transaction or judicial proceeding which transferred the interest to the debtor.... The lien here is more in the nature of a purchase money obligation and is not avoidable under Sec. 522(f)(1).

*Id.* at 961 (emphasis in original).

Accordingly, judgment is entered in favor of Defendant Whitacre. Her lien is not dischargeable.

This Memorandum Opinion constitutes the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

An appropriate Order consistent with this Opinion shall be entered.