Ivory MITCHELL and Zella Mitchell *v*. Anna MITCHELL

CA 88-267                                         773 S.W.2d 853

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1989

*Walters Law Firm, P.A.*, by: *Bill Walters*, for appellant.

*Parker Law Firm*, by: *Kyle D. Parker* and *Douglas W. Parker*, for appellee.

GEORGE K. CRACRAFT, Judge. Ivory and Zella Mitchell appeal from an order granting a judgment in favor of their son, Jimmy Mitchell, and his wife, Anna Mitchell, and declaring an equitable lien on real property owned by appellants to secure payment thereof. We affirm the court's award of the money judgment, but find error in its award of an equitable lien, and so modify the order.

Anna Mitchell, appellee, brought this action for divorce against Jimmy Mitchell, and made his parents, the appellants, third-party defendants for the purpose of settling her claim of a marital interest in real property to which appellants held legal title. She prayed that the court declare that appellants held title to the property in trust for her and her husband. Appellants denied that appellee and her husband had any equitable interest in the property.

At trial, appellee testified that during the marriage, appellants had given her and her husband title to a two-acre tract of land on which she and her husband lived. Appellee and her husband subsequently sold the land, and put a major portion of the $10,000.00 received into the construction of a house on another tract of land owned by appellants. Appellee testified that they built the house on the agreement that, upon completion, appellants would convey the title to the house and the surrounding six acres to her and her husband. At the time this action was commenced in chancery court, appellee and her husband had completed the construction of the house and were living there. However, after appellee filed for divorce, appellant ordered appellee to vacate the property. Appellee stated that, although they had performed their part of the agreement by constructing a house on appellants' property, appellants had refused to convey the property to her and her husband.

Appellants testified that they never agreed to convey the property to appellee and their son, but had agreed only that they would let them live on the property, rent free, until rentals at the rate of $200.00 per month equaled the couple's investment of labor and materials in the house. Appellants denied that the couple had furnished labor and materials in the amount stated by appellee, and estimated that the value of same was only $4,200.00. Appellants stated that appellee and their son lived rent free in the house for twenty-six months, and that the unpaid rent of $5,200.00 off set and exceeded the couple's investment.

The chancellor found that it was grossly inequitable for appellants to permit appellee and her husband to build the house and then declare that they had no interest in it. Finding that it "was wrong, inequitable, and an unjust enrichment," the chancellor held that appellee and her husband were entitled to recover

the sum of $6,264.06, and imposed an equitable lien upon the house and a three-quarter-acre tract of land to secure payment. It is from this order that appellants appeal.

Appellants first contend that the trial court erred in awarding appellee and her husband damages based on the theory of unjust enrichment, and by not allowing appellants' right to a setoff. They argue that appellee's theory of recovery, as set forth in the pleadings, was that appellants held title to the property in trust for appellee and her husband. Appellants argue that, therefore, it was error to decide the case on the theory of unjust enrichment, which had not been pled. Appellants further contend that, if appellee had pled a right to recover in *quantum meruit* or unjust enrichment, appellants would have asserted their right to a setoff in regard to the rental value of the property. We find no merit in appellants' contentions.

A quasi-contract is a legal fiction created by the law to do justice. It does not rest on an express or implied agreement between the parties, but on the principle that one should not be unjustly enriched at the expense of another. *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). A constructive trust is also based upon unjust enrichment, and may be applied when one who holds title to property orally agrees to hold the property for the benefit of another. It is an implied trust that arises whenever it appears from the evidence that the beneficial interest should not go with the legal title. *Horton* v. *Koner*, 12 Ark. App. 38, 671 S.W.2d 235 (1984). Appellants correctly state that appellee's theory of recovery against them, as stated in her complaint, was that of a constructive trust. While pleadings are required so that each party will know the issues to be tried and be prepared to offer his proof, Rule 15(b) of the Arkansas Rules of Civil Procedure provides that issues not raised in the pleadings, but tried by express or implied consent of the parties, shall be treated in all respects as if they had been pled.

In the pleadings, appellants denied appellee's allegation that an agreement existed between the parties for conveyance of the property. At trial, however, appellants testified that there was, in fact, an agreement, but that it was only an agreement to allow appellee and their son to live on the property, rent free, until they had recouped the monies they had invested.

They further testified that if for any reason appellee and their son did not live on the property long enough to fully recoup their investment, appellants had agreed to pay them the balance. Having injected these issues into the case, and asserted their defense of a setoff, appellants cannot contend that the pleadings were not treated as having been amended to conform to the proof. We find no error in the trial court's award of damages on the theory of unjust enrichment.

Nor can we agree that the trial court failed to allow appellants a setoff. Appellee testified that she and her husband initially invested $8,000.00 into the construction of the house, and that they invested additional monies each month that they lived on the property. While the chancellor granted a judgment in favor of appellee and her husband in the amount of $6,264.06, he could have arrived at a much higher figure than he did, based on appellee's testimony. Therefore, we cannot say that the chancellor did not consider all or part of a $200.00 per month rent as a setoff against appellee's claim. It is the province of the chancellor, sitting as the trier of fact, to determine the credibility of the witnesses and resolve any conflicting testimony. *First State Bank of Crossett* v. *Phillips*, 13 Ark. App. 157, 681 S.W.2d 408 (1984). Factual determinations made by the chancellor must be upheld unless clearly erroneous. *Looper* v. *Madison Guaranty Savings & Loan Assoc.*, 292 Ark. 225, 729 S.W.2d 156 (1987).

Appellants next contend that the trial court erred in allowing into evidence appellee's testimony regarding invoices and receipts of building materials. Appellants argue that appellee's proof of her expenditures for materials and labor was not based on personal knowledge, and, pursuant to Rule 602 of the Arkansas Rules of Evidence, such testimony was inadmissible. We do not agree.

Rule 601 of the Arkansas Rules of Evidence provides that every person is competent to be a witness except as otherwise provided in the rules. The trial court begins with the presumption that every person is competent to be a witness. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). In *Chappel* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986), this court outlined the following criteria for determining the competency of a witness: (1) the ability to understand the obligation of an oath; (2) an

understanding of consequences of false swearing; (3) the ability to receive and retain accurate impressions; and (4) the capacity to transmit a reasonable statement of what has been seen, felt, or heard. Rule 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. The rule further provides that evidence to prove personal knowledge is not limited to the witness's own testimony.

Appellants argue, that as appellee could not testify with accuracy as to the exact amounts she and her husband had spent on materials, nor positively state that materials indicated on the invoices actually went into the construction of the house, the evidence is insufficient to sustain a finding of $6,264.06 in damages. While appellee was not able to identify the materials described in the invoices as having been utilized in the construction of the house, this is not decisive in determining her competency to testify as to the monies invested.

Appellee testified from personal knowledge that, of the $10,000.00 received from the sale of the two-acre tract of land, at least $8,000.00 of that sum went into building materials for the house. She further testified that she was with her husband on many occasions when the items shown on the invoices were picked up at a lumberyard. Appellee stated that, although some of the materials had been billed to and paid for by appellants, she and her husband had reimbursed them for those expenditures, either in cash or by contribution of labor on other construction jobs in which appellant Ivory Mitchell, a building contractor, had an interest. Appellee testified that she and her husband worked on the construction of the house for over two and one-half years. She stated that additional monies were saved and put into the house, and that she had tried for the two and one-half year period to invest $200.00 per month, the amount they would have paid in rent, in the house. According to appellee's testimony, she and her husband had invested labor and materials in the house in amounts far in excess of the $4,200.00 stated by appellants.

The record indicates that the evidence was sufficient to support that appellee had personal knowledge of the monies and labor invested by appellee and her husband into the construction of the house. We conclude that the chancellor could have found

that appellee and her husband were entitled to a sum ranging from nothing at all to a figure much higher than that which he actually awarded.

Finally, appellants contend that the trial court erred in awarding appellee and her husband an equitable lien against appellants' property and ordering that the property be sold to satisfy the judgment awarded. We agree. While there are circumstances under which imposition of an equitable lien would be proper, we cannot conclude that the facts of this case present such a situation.

Ordinarily, an equitable lien arises from an express or implied agreement to create a lien on property, real or personal, as security for an obligation. A loan or advancement of money, in and of itself, does not give rise to a lien unless there is trickery or fraud involved in its procurement. *Lowery* v. *Lowery*, 251 Ark. 613, 473 S.W.2d 431 (1971); *Warren* v. *Warren*, 11 Ark. App. 58, 665 S.W.2d 909 (1984). In some instances, however, an equitable lien can arise absent an express or implied agreement.

An equitable lien may arise independently of any express agreement; it may arise by implication from the conduct and dealings of the parties. As the rule is frequently stated, in the absence of an express contract, an equitable lien, based on those maxims which lie at the foundation of equity jurisprudence, may arise by implication out of general considerations of right and justice, where, as applied to the relations of the parties and the circumstances of their dealings, there is some obligation or duty to be enforced.

However, the tendency is to limit rather than extend the doctrine of constructive liens, and, in order that such a lien may be claimed, either the aid of a court of equity must be requisite to the owner so that he can be compelled to do equity or there must be some element of fraud in the matter as a ground of equitable relief. Such a lien will not be implied and enforced where the facts and circumstances present no grounds for equitable relief, and there is an adequate remedy at law.

53 C.J.S. *Liens* § 8, at 467-468 (1987) (footnotes omitted).

Here, there is no evidence of an express or implied agreement between the parties to create an equitable lien on appellant's property in favor of appellee and her husband. The court denied appellee's claim of a constructive trust, but found that, in order to avoid unjust enrichment, appellants were obligated in quasi-contract to reimburse appellee and her husband for the material and labor expended in the construction of the house. The court then entered a money judgment in favor of appellee and her husband and, without making any findings as to the grounds for such relief, imposed an equitable lien on appellants' property to secure payment of the judgment.

Equity cases are tried *de novo* on appeal upon the record made in the chancery court. When this court finds error, it is not required to remand the case for further proceedings, but may enter such judgment as the chancery court should have entered. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). In this case, the trial court erred in finding that appellee and her husband had an equitable lien on appellants' property, and ordering that the property be sold in satisfaction of the lien. The court should have ordered that execution may issue on the judgment rendered, and, to that extent, we modify the chancellor's decree.

Affirmed as modified.

COOPER and ROGERS, JJ., agree.