James H. COLE and Patricia Cole Pearson *v.* Barbara Riggins RIVERS, Bonnie Riggins Peace, and Quinton O. Riggins Jr.

CA 93-295                                        861 S.W.2d 551

Court of Appeals of Arkansas
Division II
Opinion delivered September 29, 1993
[Rehearing denied November 3, 1993.]

*Richard Hatfield, P.A.*, by: *Richard Hatfield* and *Thomas J. Swearingen*, for appellants.

*The Trammell Law Firm*, by: *LaDonna D. Bornhoft*, for appellees.

JOHN E. JENNINGS, Chief Judge. James Cole and Patricia Cole Pearson appeal from an order of the Columbia County Chancery Court granting summary judgment to the appellees, Barbara Riggins Rivers, Bonnie Riggins Peace, and Quinton O.

Riggins Jr.

Juanita Cole Riggins and Quinton O. Riggins Sr. were married in 1974. Juanita had two children, the appellants, by a prior marriage. Quinton O. Riggins Sr. had three children, the appellees, by a prior marriage. In October 1981, Juanita and Quinton executed mutual wills in which each left his property to the survivor. Each will provided that, at the survivor's death, all property would pass in five equal shares to the appellants and the appellees.

Juanita died in May 1985, and Quinton received all of her estate pursuant to her 1981 will. In 1986, Quinton executed a will which revoked his prior wills and provided that his residence would pass to appellees, leaving the residue of his estate to be divided equally among appellants and appellees. In July 1988, Quinton married Merry Owens Hutchinson. In September 1988, Quinton executed another will which revoked all prior wills and left his residence to Merry for her life, provided she occupied it as her principal residence. The will gave the residue of his estate to appellees and made no provision for appellants. In 1989, Quinton and Merry were divorced. In November 1991, Quinton executed another will which revoked all prior wills and left his estate to appellees. This will also failed to provide for appellants.

Quinton O. Riggins Sr. died on December 27, 1991, and his last will was admitted to probate. Appellants then brought suit in chancery seeking the imposition of a constructive trust against 40% of the estate of Quinton O. Riggins Sr. The suit was based on allegations that Riggins Sr. and his wife, Juanita, had agreed that the survivor of them would leave their property to all five children in equal shares.

The appellees then filed a motion for summary judgment and attached the affidavit of Ronny Bell, the lawyer who prepared the 1981 mutual wills. Mr. Bell's affidavit states that neither Juanita nor Quinton mentioned any agreement not to revoke their 1981 wills. Mr. Bell also stated in the affidavit that he explained to both that their wills could be revoked at any time. In response, the appellants filed the affidavit of James H. Cole which recited that he and his sister were assured by Quinton O. Riggins Sr., shortly after Juanita's death in 1985, that Quinton would leave the property to all five children in equal shares. Mr. Cole said that he

and his sister signed waivers in connection with the probate of his mother's estate in reliance upon this assurance. The chancellor granted the appellees' motion for summary judgment based on Ark. Code Ann. § 28-24-101 (1987). That code section provides:

> (a) A valid agreement made by a testator to convey property devised in a will previously made shall not revoke the previous devise, but the property shall pass by the will subject to the same remedies on the agreement against the devisee as might have been enforced against the decedent if he had survived.
>
> (b)(1) However, a contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after June 17, 1981, can be established only by:
>
> > (A) Provisions of a will stating material provisions of the contract; or
> >
> > (B) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or
> >
> > (C) A writing signed by the decedent evidencing the contract.
>
> (2) The execution of a reciprocal or mutual will does not create a presumption of a contract not to revoke the will.

There is no contention by the appellants that the alleged agreement between Quinton O. Riggins Sr. and Juanita Riggins, that the survivor would leave his or her property in equal shares to all five children, could be established by any of the means set out in the statute. Appellants argue, nevertheless, that equity may impose a constructive trust in these circumstances.

The appellants' complaint is clearly based on an allegation that Quinton and Juanita had a contract to make a will or not revoke a will, and the affidavit filed by James Cole contains an additional allegation of a promise on behalf of Quinton O. Riggins Sr. to make a will.

A constructive trust is simply an equitable remedy. It is true, as appellants contend, that constructive trusts are fre-

quently imposed to remedy the breach of a fiduciary duty, to remedy fraud or overreaching and to prevent "unjust enrichment." *J.W. Reynolds Lumber Co.* v. *Smackover State Bank*, 310 Ark. 342, 836 S.W.2d 853 (1992); *Mitchell* v. *Mitchell*, 28 Ark. App. 295, 773 S.W.2d 853 (1989). But here the appellants' claim is based on an alleged promise on the part of Quinton Riggins Sr. to make, or not to revoke, a will. We see no reason why the legislature cannot establish rules governing the manner of proving such a contract. The maxim that "equity follows the law" is strictly applicable whenever the rights of the party are clearly defined and established by law. *Beebe Sch. Dist.* v. *Nat'l Supply Co.*, 280 Ark. 340, 658 S.W.2d 372 (1983); 30A C.J.S. *Equity* § 118 (1992). Even prior to the enactment of Ark. Code Ann. § 28-24-101, the law imposed a relatively high burden of proof on one seeking to establish a binding contract to make a will. *See Mabry* v. *McAfee*, 301 Ark. 268, 783 S.W.2d 356 (1990).

■ Appellants argue that since "the law of constructive trusts overrides the statute of frauds," it should also override Ark. Code Ann. § 28-24-101, citing *Beeson* v. *Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984). The primary reason, however, that a constructive trust may be imposed despite the statute of frauds is that implied trusts, such as constructive trusts or resulting trusts, are specifically exempted from its application by the statute. Ark. Code Ann. § 4-59-103 (Repl. 1991). *See also* Ark. Stat. Ann. § 38-107 (Repl. 1962); *Grissom* v. *Bunch*, 227 Ark. 696, 301 S.W.2d 462 (1957); *Walker* v. *Biddle*, 225 Ark. 654, 284 S.W.2d 840 (1955); *Phillips* v. *Tramble*, 224 Ark. 359, 273 S.W.2d 400 (1954); *Edlin* v. *Moser*, 176 Ark. 1107, 5 S.W.2d 923 (1928). Section 28-24-101 of our code contains no similar exception.

■ Our conclusion is that the chancellor did not err in granting summary judgment.

Affirmed.

PITTMAN and ROGERS, JJ., agree.