### In re Marty Ray CLOUD, Debtor.

### Betty CLOUD, Plaintiff,

### v.

### Marty Ray CLOUD and Randy Rice, Trustee, Defendants.

### Bankruptcy No. 96–42046M.
### Adversary No. 96–4174.

United States Bankruptcy Court,
E.D. Arkansas.
Western Division.

July 17, 1997.

---

1. This statement assumes Chrysler liquidates its collateral at some type of wholesale auction.

B. Keith Faulkner, Conway, AR, for Debtor.

Jimmy D. Eaton, North Little Rock, AR, for Plaintiff.

## MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

The issue before the Court is whether Marty Ray Cloud ("Debtor") may avoid Plaintiff Betty L. Cloud's equitable lien in a 1992 Chevrolet Camaro pursuant to 11 U.S.C. § 522(f)(1)(A). For the reasons stated below, the lien may not be avoided.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

### FACTS

The facts are not in dispute. The Debtor, who is the adopted son of the Plaintiff, asked the Plaintiff to purchase a car on his behalf because he had bad credit and could not borrow the necessary funds. The Plaintiff agreed, paying $15,500.00 for a 1992 Chevrolet Camaro and $690.00 for taxes. She also loaned the Debtor an additional sum of $4,000.00. The Plaintiff testified that the Debtor paid "about a thousand of it back." Tr. at 5.

The Plaintiff filed suit in the Chancery Court of Mississippi County, Arkansas, Chickasawba District, and on May 15, 1996, the Hon. Howard Templeton entered an Order and Judgment against the Debtor and in favor of the Plaintiff. The Judgment provided in part:

4. That the Plaintiff should be and hereby is granted a judgment against the Defendant in the amount of $16,190.00 with interest at eight percent (8%) per annum with interest to begin accruing on September 29, 1994, the date of the last payment from Defendant to Plaintiff.

5. That the Court finds that an equitable lien should be and hereby is imposed

upon the Chevrolet Camero [sic] automobile VIN # 1G1FP33E9NL140254. The Clerk of the Chancery Court, Mississippi County, Arkansas is appointed Commissioner to sell the vehicle at a public sale, after public notice, and after deducting any cost of sale, to apply the net proceeds to the judgment. Prior to the sale, the Commissioner shall advertise the time, terms, and place of sale for ten or more days by publication in a newspaper published or circulated in Mississippi County, Arkansas having a bona fide circulation therein, by at least one insertion, sale at the front door of the Mississippi County Courthouse in the City of Blytheville, Arkansas, at public auction to the highest bidder, for cash. That upon the sale of the vehicle, all of the right, title, claim, interest and equity of the Defendant, Marty Ray Cloud, in and to said property is hereby forever barred.

6. That the Plaintiff should be and hereby is awarded an Attorney fee of $750.00 and her Court costs of $135.00, representing $110.00 filing fee and $25.00 service of process fee.

8. That the Court finds that the Defendant should be and hereby is ordered to surrender the vehicle to the Clerk of the Court or the Plaintiff within ten days from the date of entry of this Order.

On May 28, 1996, the Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of Title 11 of the United States Bankruptcy Code. M. Randy Rice was appointed Trustee, and on August 2, 1996, he filed a no asset report. The Debtor claimed as exempt, among other assets, the 1992 Chevrolet Camaro, which he valued at $8,300.00. He also listed the Plaintiff as a creditor with an equitable lien in the vehicle to secure a claim for $18,000.00.

On August 27, 1996, the Plaintiff filed this complaint to determine the dischargeability of her debt and to determine the validity of the equitable lien. The Debtor filed an answer and a counterclaim to avoid the Plaintiff's equitable lien as a judicial lien which impairs an exemption pursuant to 11 U.S.C. § 522(f)(1)(A). By agreement of the parties, the Court dismissed the complaint to determine dischargeability of the debt.

At the hearing to determine the extent and validity of the Plaintiff's equitable lien, the Debtor offered no evidence other than the petition and schedules. None of the parties has filed a brief.

### DISCUSSION

■ A debtor may avoid the fixing of a judicial lien on the debtor's property to the extent it impairs an exemption to which he is otherwise entitled. 11 U.S.C. § 522(f)(1)(A) (1994). To avoid the Plaintiff's lien, the Debtor must meet three conditions: (1) The lien must be a judicial lien; (2) the lien must impair an exemption of the Debtor; and (3) the lien must fix on an interest of the Debtor in property. *In re Stone*, 119 B.R. 222, 225–26 (Bankr.E.D.Wash.1990).

The parties have stipulated that the equitable lien imposed by the chancellor impairs the Debtor's claim of exemption in the vehicle. The issues are therefore whether the lien is actually a judicial lien and whether it has fixed on the Debtor's interest in the vehicle. Because the lien is not a judicial lien, it is unnecessary to resolve the second issue.

■ Under the Bankruptcy Code, a judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (1994). Although the Code does not separately define the term "equitable lien," bankruptcy courts have found that an equitable lien is a "right, not recognized at law, to have a fund or specific property, or its proceeds, applied to the payment of a debt." *Hart v. Hart (In Re Hart)*, 50 B.R. 956, 959–960 (Bankr.D.Nev.1985)(quoting 6 Debtor–Creditor Law ¶ 26.02(c)(2)(Mathew Bender 1982). An express or implied agreement to create a lien on property as security for an obligation ordinarily gives rise to an equitable lien. *Mitchell v. Mitchell*, 28 Ark.App. 295, 302, 773 S.W.2d 853, 856 (1989). An equitable lien may also arise by implication from the conduct of the parties. *Mitchell*, 28 Ark.App. at 302, 773 S.W.2d at 857 (quoting 53 C.J.S. Liens § 8, at 467–68 (1987)).

A split of authority exists on the question of how to treat an equitable lien under sec-

tion 522(f)(1)(A). Some courts view an equitable lien as a type of judicial lien because it arises by judicial action. Under this theory, an equitable lien is subject to section 522(f)(1)(A) avoidance. *Farrey v. Sanderfoot (In re Sanderfoot)*, 899 F.2d 598, 604–605 (7th Cir.1990), *rev'd on other grounds*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Stedman v. Pederson (In re Pederson)*, 875 F.2d 781, 782 (9th Cir.1989) *overruled by In re Catli*, 999 F.2d 1405 (9th Cir.1993); *Huskey v. Huskey (In re Huskey)*, 183 B.R. 218, 223 (Bankr.S.D.Cal.1995); *In re Stone*, 119 B.R. 222, 228 (Bankr. E.D.Wash.1990).

In contrast, other courts have distinguished between equitable and judicial liens by reasoning that the equitable lien predates any judgment that enforces or recognizes it, while the true judicial lien is actually created by the judgment. These courts then conclude that this distinction precludes avoidance of equitable liens under section 522(f)(1)(A). *Borman v. Leiker, (In re Borman)*, 886 F.2d 273 (10th Cir.1989)(finding that former spouse could not avoid an equitable lien on homestead); *Boyd v. Robinson*, 741 F.2d 1112, 1115 (8th Cir.1984) (holding a lien that recognizes and provides a remedy to enforce a pre-existing property right was not avoidable); *In re Fischer*, 129 B.R. 285, 287 (Bankr.M.D.Fla.1991) (holding that final judgment did not impose a lien but simply recognized the equitable lien that already existed); *Herman v. Whitacre (In re Herman)*, 95 B.R. 504, 506 (Bankr.N.D.Ohio 1989) (observing that debtors' improper use of creditor's funds to purchase real property gave rise to an equitable lien rather than a judicial lien).

The controlling view in this circuit is that an equitable lien, as distinguished from a judicial lien, is not avoidable. The Chancellor's Decree finding an equitable lien is binding on this Court. *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983). The facts fully support the Chancellor's findings. The Plaintiff provided the purchase money for the vehicle, and the Debtor undertook to repay the debt to her while he was in possession of the vehicle. The chancellor's imposition of the lien merely recognized the Plaintiff's

pre-existing property right, which was equitable rather than judicial in nature.

Therefore, the Plaintiff's equitable lien is not avoidable under the provisions of 11 U.S.C. § 522(f)(1)(A).

IT IS SO ORDERED.