In re Janet **TAYLOR**, Debtor.

**Janet Taylor, Movant,**

v.

**George and Inis Taylor, Respondents.**

No. 00–70345.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Jan. 2, 2001.

158

Michael J. Hamby, Greenwood, AR, for George and Inis Taylor.

Hon. Wayland A. Parker, II, Municipal Court, Greenwood, AR, for Janet Taylor.

Ben Barry, Pryor Robertson & Barry PLLC, Fort Smith, AR, trustee.

## ORDER AVOIDING JUDICIAL LIEN

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court is the debtor's Motion to Avoid Judicial Lien, filed by the debtor, Janet Taylor, on June 6, 2000. The debtor attempts to avoid the lien held by the respondents, George and Inis Taylor, in the debtor's real property pursuant to 11 U.S.C. § 522(f)(1)(A).[1] George and Inis Taylor argue that their lien is an equitable lien and, accordingly, can not be

---

1. 11 U.S.C. § 522(f)(1)(A) states, in relevant part:

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . . .

avoided under § 522(f)(1). A hearing on this matter was held on October 16, 2000, at which time the Court took the matter under advisement and allowed both parties to file post-hearing briefs and a joint stipulation of facts. For the reasons stated below, the lien may be avoided.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The following findings are in accordance with Federal Rule of Bankruptcy Procedure 7052.

The facts in this case are fairly simple and not in dispute by the parties. The debtor, Janet Taylor, is the ex-wife of Virgil Taylor, who is the son of the respondents, George and Inis Taylor. During their marriage, George and Inis Taylor provided $14,400.00 to the debtor and Virgil Taylor. The money was used to assist with the construction of a house located on real property in Sebastian County, Arkansas, which was owned by the debtor and Virgil Taylor. This property is the subject matter of this action. Virgil Taylor, George Taylor, and Inis Taylor executed a document dated April 10, 1990, and signed February 17, 1991, that appears to be a promissory note in the amount of $14,700.00. Under the terms of that note, Virgil Taylor agreed to repay George and Inis Taylor at the rate of $50.00 per month until paid in full. Janet Taylor did not sign the document, and, in fact, does not appear on the document at all. On July 11, 1994, the debtor and Virgil Taylor executed a note and mortgage in favor of City National Bank of Fort Smith in relation to the real property.

The debtor and Virgil Taylor were divorced on March 25, 1997. Under the agreed upon terms of the divorce decree, Virgil Taylor quitclaimed his interest in the real property to the debtor, and the debtor was to "assume the indebtedness on the homeplace . . . ." After the divorce, the debtor made no payments to George and Inis Taylor with respect to the promissory note executed by Virgil Taylor. George and Inis Taylor filed a Foreclosure Complaint against the debtor and Virgil Taylor, which was heard in the Chancery Court of Sebastian County on March 1, 2000. The chancellor found that the debtor "was aware of the indebtedness [to George and Inis Taylor] and agreed to be responsible for the indebtedness . . . ." The chancellor then ordered that judgment be entered in favor of George and Inis Taylor and against Virgil Taylor and Janet Taylor in the amount of $14,400.00, without interest. The chancellor also ordered that if the judgment was not paid within 30 days, the clerk of the court, acting as Commissioner in Chancery, should sell the property "pursuant to this Order and the laws of the State of Arkansas that pertain to the sell [sic] of real property under Foreclosure Decree."

The debtor filed her chapter 7 petition on March 28, 2000. Under 11 U.S.C. § 522(b),[2] and Ark.Code Ann. § 16–66–217

---

**2.** 11 U.S.C. 522(b) states, in relevant part:

[A]n individual debtor may exempt from property of the estate, the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . .

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2) (A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of filing of the petition . . . .

(Supp.1999),[3] a debtor may exempt from property of the estate either (1) certain property listed in § 522(d) of the bankruptcy code, or (2) property that is exempt under applicable non-bankruptcy federal law and the state and local laws of the place where the debtor has been domiciled for the longest portion of the 180 days preceding the bankruptcy filing. The debtor claimed the real property exempt under the laws of the State of Arkansas as her homestead. By electing the exemptions provided by state law, the debtor is entitled to exempt up to 80 acres of rural property without regard to value.[4] George and Inis Taylor filed an objection to exemption on September 13, 2000, but withdrew their objection on October 16, 2000. There were no other objections filed.

■ Under applicable bankruptcy law, a debtor may avoid the fixing of a judicial lien on the debtor's property to the extent that it impairs an exemption to which she is otherwise entitled. 11 U.S.C. § 522(f)(1)(A). However, in order to avoid a lien, three conditions must be met: (1) the lien must be a judicial lien; (2) the lien must fix on an interest of the debtor in property; and (3) the lien must impair an exemption of the debtor. *See Cloud v. Cloud (In re Cloud)*, 215 B.R. 870, 872 (Bankr.E.D.Ark.1997).

■ A judicial lien is defined in the bankruptcy code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A lien is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). By way of explanation, "a judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who did not have an interest in a specific piece of property before the occurrence of some judicial action." *Boyd v. Robinson (In re Boyd)*, 31 B.R. 591, 594 (D.Minn.1983). On the other hand, an equitable lien recognizes a pre-existing property right that would predate any judgment granted that enforces or recognizes that right. *See Cloud*, 215 B.R. at 873.

■ George and Inis Taylor had no interest in the subject real property prior to

**3.** Ark.Code Ann. § 16–66–217 (Supp.1999) states:

Residents of this state having the right to claim exemptions in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either:
(i) The property exemptions provided by the Constitution and the laws of the State of Arkansas; or
(ii) The property exemptions provided by 11 U.S.C. § 522(d).

**4.** Ark.Code Ann. § 16–66–210 (Supp.1999), entitled the Homestead Exemption Act, states, in relevant part:

(a) This section shall be known and may be cited as the "Homestead Exemption Act of 1981."
(b) The homestead of any resident of this state who is married or the head of a family

shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the homestead, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them, and other trustees of an express trust for moneys due from them, in their fiduciary capacity.
(c)(1) The homestead outside any city, town, or village, owned and occupied as a residence, shall consist of no more than one hundred sixty (160) acres of land, with the improvements thereon, to be selected by the owner. The homestead shall not exceed in value the sum of twenty-five hundred dollars ($2,500), but, in no event shall the homestead be reduced to less than eighty (80) acres, · without regard to value.

the Chancery Court's entry of judgment against Virgil Taylor and the debtor. The debtor did not sign the promissory note given to George and Inis Taylor, and George and Inis Taylor did not have a security interest in the property. City National Bank of Fort Smith had a mortgage on the property, George and Inis Taylor did not. Even if the debtor agreed to be responsible for the debt (and it appears that she did), the debt was not tied to the real property in any manner that would give rise to a security interest in the property. George and Inis Taylors' interest in the subject property was first recognized when the chancellor granted them a judgment against the debtor. Under Arkansas law, the judgment granted by the chancellor became a lien on the real property owned by the debtor when the order was filed with the clerk of the court.[5]

The respondents referred the Court to *In re Cloud,* 215 B.R. 870 (Bankr.E.D.Ark. 1997), in their post-hearing brief. *In re Cloud* is a bankruptcy case involving similar facts relating to a third party's pre-petition loan to a debtor for the purchase of an automobile, a loan that also lacked a security agreement. The chancellor in the underlying state lawsuit for the recovery of the money found *specifically* that an equitable lien should be imposed on the automobile for the benefit of the third party. *Cloud,* 215 B.R. at 871–72. The bankruptcy judge in *Cloud* found that the chancellor's decree finding an equitable lien was binding on the bankruptcy court. *Id.* at 873. There is no evidence in front of this Court that the chancellor in Sebastian

County recognized George and Inis Taylors' debt as an equitable lien against the subject property. Further, George and Inis Taylor had no pre-existing property right in the subject property under which an equitable lien can be found. Accordingly, the Court finds that the lien is a judgment lien, and the debtor meets the first prong of the § 522(f) avoidance test.

The second prong of the avoidance test is whether the judgment lien fixes on an interest of the debtor in property. According to the Arkansas statute referred to above, the judgment attaches as a lien on the debtor's real estate upon filing of the judgment with the clerk of the court in the county at which permanent records of the judgments of the court are maintained. *See supra* note 5. Virgil Taylor quitclaimed his interest in the subject property to the debtor when the parties divorced. According to the debtor's schedule A, Real Property, her interest in the subject property is fee simple absolute. The judgment lien attached to this property on March 8, 2000. As a result, the debtor meets the second prong of the § 522(f) avoidance test.

Finally, the lien must impair an exemption of the debtor. The bankruptcy code applies a mathematical formula to determine whether such an impairment exists: "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the val-

---

**5.** Ark.Code Ann. § 16–65–117 (Supp.1999) states, in relevant part:

(a)(1)(A) A judgment in the Supreme Court or chancery or circuit courts of this state, and in the United States district courts or United States bankruptcy courts within this state, shall be a lien on the real estate owned by the defendant in the county in which the judg-

ment was rendered from the date of its rendition only if the clerk of the court which rendered the judgment maintains a permanent office within the county, at which office permanent records of the judgments of the court are continuously kept and maintained, and the judgment has been filed with the circuit clerk.

**162**

ue that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A); *see also In re Porter*, 112 B.R. 979, 984 (Bankr.W.D.Mo.1990)(explaining the calculation by using a step-by-step analysis).

▮ Generally, under this prong of the avoidance test, if there were value in the property in excess of any senior encumbrances and the debtor's exemption, George and Inis Taylor would be entitled to the benefit of that value. However, the debtor elected to use her state exemptions rather than the federal exemptions. Because under Arkansas law a debtor can exempt up to 80 acres of rural property without regard to the value of that property, the debtor has an limitless exemption for the subject property. In effect, any lien on that property, regardless of the amount of the lien, would impair the debtor's exemption. Therefore, the debtor meets the third prong of the § 522(f) avoidance test.

Enforcement of the judgment lien held by George and Inis Taylor against the debtor's property would operate as an impairment of the homestead exemption to which she is entitled under Arkansas law. Because of this, George and Inis Taylors' lien is avoidable under 11 U.S.C. § 522(f)(1)(A). The debtor's Motion to Avoid Judicial Lien is hereby granted.

IT IS SO ORDERED.