2013 Ark. App. 57

**Dallas R. GREGORY, Appellant**

v.

**Pauline L. GREGORY, Appellee.**

**No. CA 12–268.**

Court of Appeals of Arkansas.

Jan. 30, 2013.

Jordan Law Firm, LLP, by: Michael R. Unger, for appellant.

KENNETH S. HIXSON, Judge.

Appellant Dallas R. Gregory appeals from an order entered on January 30, 2012, wherein the Little River County Circuit Court found that appellee Pauline L. Gregory had established a constructive trust to real properly she had previously deeded to Mr. Gregory in May 2002. For reversal of the trial court's order, Mr. Gregory raises numerous arguments, including that Ms. Gregory's claims were not ripe for adjudication; that the trial court erred in permitting testimony on an unpleaded theory of recovery; that the trial court erred in establishing a constructive trust on the basis of a future event; that Ms. Gregory's action was barred by the statute of limitations; and that the establishment of a constructive trust on the basis of a confidential relationship between the parties was not established by clear and convincing evidence. Upon our review of the record, we conclude that there was no error, and we affirm.

Our supreme court has stated that a constructive trust is an implied trust, arising by operation of law to satisfy the demands of justice. *J.W. Reynolds Lumber Co. v. Smackover State Bank,* 310 Ark. 342, 836 S.W.2d 853 (1992). A constructive trust is based on unjust enrichment, and may be applied when one who holds title to property orally agrees to hold the property for the benefit of another; it is an implied trust that arises when it appears from the evidence that the beneficial interest should not go with the legal title. *Mitchell v. Mitchell,* 28 Ark.App. 295, 773 S.W.2d 853 (1989). Such trusts are frequently imposed to remedy the breach of a fiduciary duty, to remedy fraud or overreaching, and to prevent unjust enrichment. *Cole v. Rivers,* 43 Ark.App. 123, 861 S.W.2d 551 (1993). While a confidential or fiduciary relationship does not in itself give rise to a constructive trust, an abuse of confidence rendering the acquisition or retention of property by one person unconscionable against the other suffices generally to ground equitable relief in the form of declaration and enforcement of a constructive trust. *J.W. Reynolds, supra.* In *Berry v. Walker,* 2012 Ark. App. 16,

2012 WL 11263, we held that a constructive trust may be imposed against a person who secures legal title by violating a confidential relationship or fiduciary duty. To impose a constructive trust, there must be full, clear, and convincing evidence leaving no doubt with respect to the necessary facts, and the burden is especially great when title to real estate is sought to be overturned by parol evidence. *Id.*

Although we review equity cases de novo, the test on review is not whether we are convinced that there is clear and convincing evidence to support the trial court's findings, but whether we can say that the trial court's findings are clearly erroneous. *Hankins v. Austin,* 2012 Ark. App. 641, 425 S.W.3d 8. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake was made. *Id.* In reviewing a trial court's findings of fact, we give due deference to the trial court's superior position to determine the credibility of witnesses and the weight to be accorded their testimony. *Id.*

The appellee herein, Pauline L. Gregory, is an elderly widow and has five children. The youngest of Ms. Gregory's children is the appellant, Dallas R. Gregory. In May 2002, when Ms. Gregory was seventy-nine years old, she conveyed her homestead property to Mr. Gregory. Ms. Gregory has continued to live on the homestead properly since that time.

On January 7, 2011, Ms. Gregory filed a complaint against Mr. Gregory for the imposition of a constructive trust. In her complaint, Ms. Gregory alleged that, in May 2002, Mr. Gregory asked her to convey to him her homestead properly, assuring her that under Arkansas law her youngest child would receive the property upon her death and urging her to just "give it to him now." Ms. Gregory further

alleged that Mr. Gregory advised her that if she were to become ill and needed government assistance, the government would take her house. Based on this advice, Ms. Gregory conveyed fee-simple ownership to Mr. Gregory. In her complaint, Ms. Gregory asserted that in June 2009 she requested that Mr. Gregory reconvey the property to her, but that he refused. Ms. Gregory alleged that at the time of the conveyance there existed a fiduciary relationship between the parties such that Mr. Gregory had gained her trust and confidence, and that he purportedly acted in her best interests. Ms. Gregory alleged that Mr. Gregory made intentionally false oral promises and abused her trust, and as a result of his actions she requested that a constructive trust be imposed upon the property for her benefit.

Dallas Gregory testified at the bench trial held on September 28, 2011. Mr. Gregory described his acquisition of his mother's property as follows:

After witnessing Medicaid take the house of a lady who lived in Foreman following her stay in 2001, I approached my mother and said we need to get the house out of your name and into one of our names. In the event mother ever had to go into a nursing home under Medicaid, the government would come and take the house for payment. Mother said she would talk it over with my siblings and see what they think. A few months later, mother called me and said she had talked to them and they all agreed to put it in my name. I obtained this deed from mother in the event that she had to go in a nursing home under Medicaid, and then Medicaid would have the right to come back and lay claim to the house to reimburse themselves for the expenses that mother had been out for what Medicaid paid for her care.

Over Mr. Gregory's objection, opposing counsel was permitted to question him about an alleged oral agreement between the parties that was not relied upon in Ms. Gregory's complaint. In this regard, the trial court allowed Ms. Gregory to amend her complaint to conform to the proof. Mr. Gregory testified that there was an agreement that, if his mother signed the house over to him, then at the time of her death he would buy out his siblings, or if one of them wanted to buy the house, that sibling could buy out the rest of them. Mr. Gregory stated that this agreement was for the benefit of him and his siblings, and he said that his intention has always been that the siblings would be equal partners in the house when their mother died.

Mr. Gregory testified that in 2009, his oldest brother Roy called him and demanded that he sign the house back to their mother because she wanted to execute a reverse mortgage on the property to pay off Ms. Gregory's credit-card debt. Mr. Gregory refused to comply with that demand, and he explained that he did not want the property to go back to his mother and have the property mortgaged away. Mr. Gregory testified, "I am still holding the property for mother to be divided among the five children at her death."

Ms. Gregory testified that it was her understanding that, when she gave Mr. Gregory the deed in 2002, the property would become his at the time of her death. She stated that Mr. Gregory advised her that "the youngest child would get the house anyway" and also warned her that if she did not get the property out of her name the government could take it in the event she got sick and went on Medicaid. Ms. Gregory indicated that it was her assumption that Mr. Gregory would divide her property equally among her children in the event of her death. Ms. Gregory testified that she first learned that Mr. Gregory intended to keep the property in 2009 after her oldest son called him and asked Mr. Gregory to sign the deed back to her, and Mr. Gregory refused. At that time, she assumed that Mr. Gregory was going to keep the property for himself, contrary to their oral agreement, because he would not give it back to her.

On January 30, 2012, the trial court entered an order in favor of Ms. Gregory, granting her a constructive trust in the homestead property. In pertinent part, the trial court made the following detailed findings:

By clear and convincing evidence the Court finds that Plaintiff has established a constructive trust in said property. The Plaintiff and Defendant are mother and son. On May 22, 2002 Plaintiff gave the Defendant a quitclaim deed to her home and one acre of land. At that time Plaintiff was seventy-nine years of age. The Defendant has a college degree and is a minister. The Defendant had assisted Plaintiff in the past, including helping her financially, and was placed on her bank account. The defendant testified that he had also helped her with financial advice. In January 2002 Plaintiff gave Defendant a power of attorney. A trusting relationship was established by past activities of the parties.

Immediately prior to the conveyance, the Defendant informed the Plaintiff that as he was the youngest child, he was by law to receive her property. He also informed her that if she did not deed it to him that the State of Arkansas would take it if she went into the nursing home or otherwise obtained government assistance and that he would protect the property for her.

On May 15, 2008, the Defendant gave Plaintiff a life estate by deed to the property. The Plaintiff continued to pay

taxes and carry insurance on the home after May 2008. She continued to live there as she had for many years.

At trial the Defendant testified that he took the property to hold it, to protect it, not to have it for his own. The Court finds that the Defendant told the Plaintiff that as youngest child he was to receive the property by law and that the State may take it. The Court further finds that the Defendant made a fraudulent oral promise to hold the property in question for the benefit of Plaintiff. The Court finds Plaintiff, Ms. Gregory, to be credible on that issue, and on that issue the Defendant is not credible. The Defendant gave the Plaintiff false information, knowing it to be false. Defendant induced Plaintiff to deed the property to him by providing false information with knowledge that Plaintiff would believe him and act upon his statements based on her trust of him. The Defendant took advantage of Plaintiff's age of seventy-nine years and trust to obtain the property. The Plaintiff suffered damages as a result of said conveyance by loss of her land and the Defendant became unjustly enriched, as there was no consideration paid by Defendant.

In May of 2009 Plaintiff made demand upon Defendant to return her land when she realized that Defendant still held title to the land. Defendant's written refusal put Plaintiff on notice that Defendant claimed the land as his own. The three-year statute of limitations for fraud began to run at that time.

The trial court determined that Mr. Gregory was holding the property for the benefit of Ms. Gregory.

■ We first address Mr. Gregory's argument that the trial court erred in permitting testimony regarding an unpleaded theory of recovery. Mr. Gregory asserts that Ms. Gregory's complaint did not mention an alleged verbal agreement about Mr. Gregory holding the property for her benefit, and he complains that Ms. Gregory changed her theory of recovery at trial. He further contends that he suffered prejudice when, over his objection, the trial court permitted testimony about the alleged oral agreement.

Rule 15(b) of the Arkansas Rules of Civil Procedure allows for the amendment of the pleadings to conform to the evidence introduced at trial:

> *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

This rule is liberal in its allowance of amendments to conform pleadings to proof and even contemplates an amendment after judgment. *Hope v. Hope,* 333 Ark. 324, 969 S.W.2d 633 (1998). If the opposing party timely objects to the amendment, the trial court determines whether prejudice would result, or if the case would be unduly delayed by the amendment. *Webb v. Workers' Compensation Comm'n,* 286 Ark. 399, 692 S.W.2d 233 (1985). A party should be allowed to amend absent prejudice, and the failure of the opposing party to seek a continuance is a factor to be

considered in determining whether prejudice was shown. *Id.* In the present case Mr. Gregory did not seek a continuance nor did he demonstrate prejudice by the trial court's ruling to allow the pleadings to conform to the proof, and we hold that there was no abuse of the trial court's discretion in this regard.

We also reject Mr. Gregory's argument that Ms. Gregory's action to establish a constructive trust was time-barred. The trial court determined that Mr. Gregory had fraudulently made an oral promise to hold the property, and that the limitations period began in May 2009. We cannot say that the trial court's finding of a fraudulent oral promise was clearly erroneous. Moreover, a constructive trust may be created absent fraud. In *Robertson v. Robertson*, 229 Ark. 649, 317 S.W.2d 272 (1958), the supreme court held that proof of fraud is not essential to the establishment of a constructive trust. And in *Davidson v. Sanders*, 235 Ark. 161, 357 S.W.2d 510 (1962), the supreme court held that since it is the transferee's repudiation of his oral promise that brings a constructive trust into being, the statute of limitations in favor of the constructive trustee cannot commence earlier than the date of such repudiation. Here, the repudiation occurred in May 2009 when Mr. Gregory refused to return the property, so Ms. Gregory's cause of action did not commence until then. That being so, Ms. Gregory's action was timely brought within three years in January 2011.

Mr. Gregory also argues that the trial court's establishment of a trust on the basis of a confidential relationship was against the weight and preponderance of the credible evidence adduced at trial. Mr. Gregory relies on *Wright v. Union Nat. Bank*, 307 Ark. 301, 819 S.W.2d 698 (1991), where the supreme court held that a family relationship by itself is insufficient to establish a constructive trust. Mr. Gregory submits that the sole basis for finding a confidential relationship was the fact that he is Ms. Gregory's son. He notes that while Ms. Gregory did give him power of attorney in January 2002, and he did have access to her checking account for a number of years, he never utilized these positions to conduct any of his mother's business. Mr. Gregory argues that, because the evidence of a confidential relationship between the parties was tenuous at best, a constructive trust was erroneously imposed.

Based on the evidence before the trial court, we cannot say the trial court's finding of a confidential relationship was clearly erroneous. Significantly, it was Mr. Gregory who broached the idea that Ms. Gregory should deed her property to him, and he subsequently convinced her to do so. Ms. Gregory is an elderly woman, and her decision to convey the property to her son with the agreement that he hold it for her was facilitated by concerns presented to her by Mr. Gregory, and was not something that would have occurred absent his influence. Under such circumstances, we have little hesitation in concluding that Mr. Gregory was in a position of trust and confidence. Moreover, we conclude that the trial court did not err in finding that Ms. Gregory established the remaining proof necessary for the imposition of a constructive trust. A constructive trust may arise by operation of law as justice demands to remedy the breach of a fiduciary duty or to remedy fraud or overreaching, *see Cole v. Rivers*, 43 Ark.App. 123, 861 S.W.2d 551 (1993), and on this record we affirm the constructive trust in favor of Ms. Gregory as it comports with these equitable principles. Because we affirm the imposition of a constructive trust as set forth herein, we need not specifically

address the remaining points briefed by the appellant.

Affirmed.

WOOD and BROWN, JJ., agree.