This timely appeal followed.[7]
I. Amendment
Appellants' first argument on appeal is that the circuit court erred as a matter of law in refusing to amend the pleadings to conform to the evidence, evidence which was received without objection. We affirm.
We will not reverse a circuit court's decision regarding the amendment of pleadings to conform to the evidence in the absence of a manifest abuse of discretion.[8] A manifest abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration.[9] Arkansas Rule of Civil Procedure 15(b) governs the amendment of pleadings to conform to the evidence:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.
Thus, absent express or implied consent, the question of whether pleadings may be amended to conform to the evidence is within the sound discretion of the circuit court.[10] This rule is liberal in its allowance of amendments to conform pleadings to proof and even contemplates an amendment after judgment.[11]
*205 A party should be allowed to amend absent prejudice; an important consideration in determining prejudice is whether the party opposing the motion will have fair opportunity to defend after the amendment.[12] If the opposing party timely objects to the amendment, the circuit court determines whether prejudice would result, or if the case would be unduly delayed by the amendment.[13] The failure of the opposing party to seek a continuance is a factor to be considered in determining whether prejudice was shown.[14] However, we will not imply consent to conforming the pleadings to the proof merely because evidence relevant to a properly pled issue incidentally tends to establish an unpled one.[15]
Dates are key to the statute of limitations as dates determine when the time to file a claim had ended. In this case, the discussion revolved around ownership of scrap that was sold by appellants, which belonged to Leon and was sold both from land owned by Joshua and Leon as joint tenants and separate land owned by Leon's brother. The outcome of this matter, as argued, turned on when Joshua should have been determined to be dead as that date would determine, as the arguments went, who owned the scrap and, therefore, who owned the proceeds. Throughout multiple filings and a hearing, appellants never made a statute-of-limitations argument, instead addressing Jennifer's arguments as presented. It was not until the very end of the trial that appellants mentioned an issue with the statute of limitations for the first time. The issue of the statute of limitations was not tried on the evidence, there was simply evidence presented that would incidentally establish the unpled issue of statute of limitations. Accordingly, Jennifer never impliedly consented to arguing the issue of the statute of limitations.[16]
At the time of the motion to amend, Jennifer objected. She argued that appellants could not amend their pleadings to raise an affirmative defense as they are required to be pled by the Arkansas Rules of Civil Procedure. Though she did not use some variation of the word 'object,' it is clear that Jennifer was objecting, and she gave a specific reason. Arkansas Rule of Civil Procedure 8(c) lists statute of limitations as an affirmative defense that must be pled in response to a complaint. Appellants failed not only to list this affirmative defense in their response to Jennifer's complaint, but they also failed to raise it throughout the pendency of the case, raising it for the first time at the end of the trial. While the fact that Jennifer failed to ask for a continuance is a factor, it is not a determining factor and the circuit court's letter to the parties makes clear that its decision was not "exercised thoughtlessly and without due consideration." The decision to grant a motion to amend, while liberal, is still discretionary; amendment is *206 only mandatory when the issue has been expressly or impliedly consented to. We hold that there was no manifest abuse of discretion by the circuit court in denying appellants' motion to amend the pleadings.
II. Standing
Appellant's second argument on appeal is that the circuit court erred in permitting Joshua's estate to pursue a claim that belonged to Leon's estate. It is clear that appellants did not raise the issue of standing prior to the hearing after the trial, and that Jennifer never raised the issue. Furthermore, appellants did not attempt to amend the pleadings to conform to the alleged evidence of standing until October 24, 2016, eighteen months after the complaint was filed, ten months after the trial on the matter, and three months after the judgment was entered. It is clear that the issue of standing was not expressly or impliedly consented to, and again, Jennifer objected to conforming the pleadings to allege standing, despite failing to ask for a continuance, which is but a factor. Accordingly, based on the same analysis above, we affirm.
Affirmed.
Abramson, Harrison, and Glover, JJ., agree.
Klappenbach and Murphy, JJ., dissent.

Jennifer filed a notice of cross-appeal but did not file a brief; therefore, she has abandoned any potential argument she may have had before this court.

Cross v. Cross , 2016 Ark. App. 327, at 6, 497 S.W.3d 712, 717 (citing Ison Props., LLC v. Wood , 85 Ark. App. 443, 156 S.W.3d 742 (2004) ).

Gilbow v. Crawford , 2015 Ark. App. 194, at 6, 458 S.W.3d 750, 754 (citing Entertainer, Inc. v. Duffy , 2012 Ark. 202, 407 S.W.3d 514 ).

Honeycutt v. Honeycutt , 2017 Ark. App. 113, at 4, 516 S.W.3d 750, 753 (citing Pineview Farms, Inc. v. A.O. Smith Harvestore, Inc. , 298 Ark. 78, 85-86, 765 S.W.2d 924, 928 (1989) ).

Gregory v. Gregory , 2013 Ark. App. 57, at 7, 425 S.W.3d 845, 849-50 (citing Hope v. Hope , 333 Ark. 324, 969 S.W.2d 633 (1998) ).

Honeycutt, supra.

Gregory , 2013 Ark. App. 57, at 7, 425 S.W.3d at 849 (citing Webb v. Workers' Comp. Comm'n, 286 Ark. 399, 692 S.W.2d 233 (1985) ).

Gregory , 2013 Ark. App. 57, at 7, 425 S.W.3d at 850 (citing Hope, supra ).

McEntire v. Watkins , 73 Ark. App. 449, 451, 43 S.W.3d 770, 771-72 (2001) (citing Heartland Cmty. Bank v. Holt , 68 Ark. App. 30, 3 S.W.3d 694 (1999) ).

Though appellants never raised a statute-of-limitations defense to Jennifer's claim, Jennifer did raise a statute-of-limitations defense in her May 11, 2015 answer. However, the issue was not contested and was more so abandoned in that the evidence presented was not for the purpose of arguing the statute-of-limitations defense but incidental to Jennifer's ownership claim.